IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DEVIN LADARIOUS ARRINGTON                                                                 PETITIONER

V.                                                                            NO. 3:21-CV-00064-MPM-DAS

MDOC                                                                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Devin LaDarious Arrington for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred. The petitioner has failed to respond to the motion, and the matter is ripe for resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Factual and Procedural Background

Petitioner Devin LaDarius Arrington is currently in the custody of the Mississippi Department of Corrections and housed at the Issaquena County Correctional Facility located in Mayersville, Mississippi. *See* Doc. #s 1, 5. On April 17, 2017, Arrington was convicted of armed robbery, and was sentenced on August 30, 2017, to a term of twenty (20) years, with fifteen (15) years to serve, followed by five (5) years post-release supervision. Doc. # 9-1. Arrington's conviction and sentence were affirmed by the Mississippi Supreme Court on April 18, 2019. Doc. # 9-2; *see also Arrington v. State*, 267 So. 3d 753 (2019).

Arrington submitted a "Motion for Leave to Proceed in Trial Court Pursuant to Mississippi Code Annotated Section 99-39-27, Motion for Post-Conviction Relief under Mississippi Code Annotated Section 99-39-1" which was stamped as "filed" in the Mississippi Supreme Court on September 13, 2019. Doc. # 9-3. The Mississippi Supreme Court entered an Order on October 1, 2019, denying in part and dismissing in part Arrington's motion for post-conviction relief ("PCR"). Doc. # 9-4. In that Order, the Mississippi Supreme Court found that Arrington failed to meet the *Strickland* standard on his claim for

ineffective assistance of counsel, and further found his remaining claims barred by *res judicata* as they had been raised and rejected on direct appeal. *See id.*

Arrington signed and submitted a "Motion for Enlargement of Time" on October 22, 2019, which was stamped as "filed" in the Mississippi Supreme Court on October 30, 2019. Doc. # 10-13, pp. 37-40. Arrington requested additional time in which to file a motion for rehearing of the state court's order denying him leave to proceed in the trial court. *Id.* On November 5, 2019, the Mississippi Supreme Court entered an Order denying Arrington's request for additional time as motions for rehearing (of a decision of the Mississippi Supreme Court) are typically not permitted. Doc. # 9-5 (citing M.R.A.P. 27(h)).

Arrington submitted a *pro se* "Motion to Writ of Certiorari" in the Mississippi Supreme Court on November 19, 2019. Doc. # 10-13, pp. 22-31. In this motion, Arrington repeated the same arguments advanced in his PCR motion. *Id.* On November 25, 2019, the Mississippi Supreme Court entered an Order dismissing Arrington's motion after construing it as a motion for reconsideration and finding that such motions are generally not permitted under the Mississippi Rules of Appellate Procedure. Doc. # 9-6.

Arrington submitted a *pro se* "Motion for Modification" in the Mississippi Supreme Court on December 11, 2019. Doc. 10-13, p. 15. In said motion, Arrington sought clarification and/or amendment of the state appellate court's previous order denying his motion for reconsideration. *Id.* On January 7, 2020, the Mississippi Supreme Court entered an Order dismissing Arrington's motion, again construing it as a motion for rehearing/reconsideration. Doc. # 9-7.

Arrington filed the instant petition for federal habeas corpus relief on April 19, 2021.[1] Doc. # 5. On May 19, 2021, the Court entered an Order directing the respondent to answer Arrington's petition on

---

[1] Arrington first submitted a handwritten habeas petition which he signed on March 23, 2021, and was "filed" in this Court on March 26, 2021. Doc. # 1. The Court, however, entered an Order on March 29, 2021, directing Arrington to complete and return the standard Section 2254 forms so that his petition would be deemed properly filed. Doc. # 4. As directed, Arrington completed and returned the requisite forms. *See* Doc. # 5. The petition was signed by Arrington on April 19, 2021, and stamped as "received" in this Court on April 23, 2021. *Id.*

or before August 2, 2021. Doc. # 7. On July 21, 2021, Respondent moved to dismiss Arrington's petition as untimely filed. Doc. # 9. To date, Arrington has failed to file a response.

## Legal Standard

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion to dismiss should be granted turns on the statute's limitation period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## Analysis

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Arrington did not seek certiorari review, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on July 17, 2019, which is ninety (90) days after the Mississippi Supreme Court rendered its decision affirming Arrington's conviction and sentence (April

3

18, 2019, plus 90 days).² *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Arrington's federal habeas petition must have been filed on or before July 17, 2020, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Arrington must have filed an application for post-conviction relief on or before July 17, 2020, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Arrington submitted a PCR motion which was stamped as "filed" on September 13, 2019. The Mississippi Supreme Court entered an Order denying in part and dismissing in part Arrington's motion on October 1, 2019. The state appellate court later denied Arrington's motion for additional time in which to file a motion for rehearing by Order dated November 5, 2019. Just a few weeks later, on November 25, 2019, the state appellate court denied Arrington's motion for reconsideration, which he styled as a "motion to writ of certiorari." Finally, on January 7, 2020, the Mississippi Supreme Court entered an Order denying another of Arrington's motions for reconsideration, titled as a "Motion for Modification."

As Arrington's PCR motion was filed within the one-year limitation period prescribed by the AEDPA, the statute of limitations for pursuing federal habeas relief was tolled during the pendency of Arrington's pursuit for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). As set forth above, Arrington's PCR motion was properly filed on September 13, 2019, and the Mississippi Supreme Court denied his final request for reconsideration on January 7, 2020. *See Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (holding that a motion for reconsideration before the Mississippi Supreme Court constitutes a "properly filed" motion for post-conviction collateral relief, and the AEDPA's one-year

---

² The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

limitations period is tolled while that motion is pending decision). the AEDPA statute of limitations was, therefore, tolled for one hundred sixteen (116) days during the pendency of Arrington's pursuit for post-conviction relief (from September 13, 2019, until January 7, 2020). Consequently, Arrington's federal habeas petition must have been filed on or before November 10, 2020 (July 17, 2020, plus 116 days = November 10, 2020) to be deemed timely filed.

Under the "mailbox rule," the Court considers Arrington's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Arrington signed his petition on April 19, 2021, *see* Doc. # 5, p. 14, and the envelope in which it was mailed reflects a postage date of April 21, 2021. *See id.* at 28. Thus, Arrington filed the instant petition just over five months after the November 10, 2020, deadline for filing said petition. Consequently, the Court may review the merits of Arrington's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Arrington has presented no arguments regarding equitable tolling, and the Court does not find equitable tolling of the limitations period to be warranted in this case.

In sum, Arrington's petition is untimely, and Respondent's motion to dismiss should be granted.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Arrington must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is

rejected on procedural grounds, Arrington must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondent's Motion to Dismiss [9] and **DISMISSES with prejudice** the petition filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 8th day of September, 2021.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI